Syllabus.

## SUSAN A. ANDERSON *v.* LOUIS S. CAIN, AS BUILD·ING INSPECTOR OF THE CITY AND COUNTY OF HONOLULU.

## No. 1411.

MOTION TO DISMISS WRIT OF ERROR.

ARGUED APRIL 24, 1923.                    DECIDED MAY 8, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF PETERS, C. J., DISQUALIFIED.

MANDAMUS—*moot questions.*

An alternative writ of mandamus was issued to compel the building inspector of the county to revoke a building permit issued by him on the ground that it was unauthorized by law and void. Before final decision the same petitioner commenced a suit for injunction to restrain the owner from erecting the proposed building. Pending petitioner's appeal from a decree dismissing the alternative writ, the owner proceeded with and completed the erection of the building complained of. It appearing that in the injunction suit the court is still in a position to grant appropriate relief, the issues in the mandamus suit, on appeal, are held not to be moot questions.

OPINION OF THE COURT BY PERRY, J.

On February 8, 1922, the respondent, as building inspector of the City and County of Honolulu, issued a permit for the erection of a building for factory and store purposes at the makai-Waikiki corner of Beretania and Keeaumoku streets in Honolulu. On February 20, 1922, upon the petition of the petitioner herein, as owner and occupant of a lot and the residence thereon situate on the mauka-Ewa corner of the same streets and within five hundred feet of the proposed location of the said factory and store, an alternative writ of mandamus was issued commanding respondent to revoke the permit or to show cause to the contrary at a time and place specified. On

March 8 of the same year a return was filed by the respondent to the alternative writ of mandamus and trial of the issues was had commencing March 24 and ending April 26.   On May 31, 1922, a decision and a judgment were filed dismissing the alternative writ and on the following day a writ of error was sued out bringing the judgment to this court for review.   The respondent moves to dismiss the writ of error on the ground that the issues originally involved are now moot questions because the building for the erection of which the permit was issued is now completed.   Other facts of relevancy and interest upon the motion under consideration in the case at bar are stated in the opinion just rendered by this court in the injunction suit brought by the same petitioner, Mrs. Anderson, against the W. G. Rawley Company, Limited, (*ante* p. 150).

In that opinion we have held that the petitioner is at liberty to pursue her petition in this court and that jurisdiction still exists to grant the injunction prayed for if, upon consideration, it shall be found that the petitioner is entitled thereto; and since this court still has the power to render an effectual decree against the respondent in the injunction suit in relation to the maintenance of the building complained of, it follows that an effectual decree against the respondent in the case at bar for the revocation of the permit can likewise be rendered (if such relief is proper at all under the circumstances of this case in a mandamus proceeding).   Apparently, both the injunction suit and the mandamus proceeding are based upon and involve the same facts and the same ordinances and other law in so far as the substantive dispute is concerned as to whether the permit was lawfully issued and as to whether the building was lawfully erected.   The decision of the one will follow the decision of the other, subject only, perhaps, to the additional ques-

tion in the mandamus case as to whether the building inspector can be compelled by mandamus to undo his act in granting the permit. Neither upon this latter point nor otherwise upon the merits is any opinion now expressed.

The motion to dismiss is denied.

*W. B. Pittman* (also on the brief) for the motion.

*B. S. Ulrich* and *Marguerite K. Ashford* (*Thompson, Cathcart & Ulrich* on the brief) contra.